UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELIZABETH SANDERS,

    PLAINTIFF,

v.

    CASE NO. 2:14-CV-0249
    CHIEF JUDGE EDMUND A. SARGUS, JR.
    MAGISTRATE JUDGE TERENCE P. KEMP

COMMISSIONER OF
SOCIAL SECURITY,

    DEFENDANT.

## OPINION AND ORDER

This matter is before the District Court upon timely objection made by the Defendant, Commissioner of Social Security, to the Report and Recommendation of the Magistrate Judge issued on December 29, 2014. This Court has undertaken a *de novo* review of the Report and Recommendation, as provided in 28 U.S.C. § 636(b)(1).

This Court finds that the Report and Recommendation thoroughly reviewed the record below, properly discussed the issues presented, and correctly applied the law. This Court adopts as its own Opinion and Order the well-reasoned Report and Recommendation of the Magistrate Judge.

The Court notes that the Objections filed by the Commissioner of Social Security contains the following:

> As the ALJ explained, Dr. Singh wrongly opined Plaintiff needed a cane to walk, that she could not walk a city block, and that she could not bend at the waist. (Doc. 24, page 3).

This citation is to the following language in the decision of the Administrative Law Judge, who described the opinion of the treating physician, Dr. Singh, as

> Inconsistent with the totality of the evidence, specifically, his own objective findings as well as the findings that the claimant is able to ambulate without a cane, she can drive and she can complete her household chores. (Tr. 21).

The record is otherwise. To begin, Dr. Singh actually prescribed a cane to the claimant. In her testimony, she was quite clear in stating that she used the cane for stability, but could walk in a supported environment within her home. Nothing in Dr. Singh's opinion contradicts the claimant's description of her use of a cane.

While the claimant testified that she could drive, she also noted that she did only on limited occasions and only when necessary. Driving for thirty minutes caused intense pain. (Tr. 14). As to household chores, she testified that she cannot stand at her sink for more than three to five minutes, can vacuum for only short periods of time before exhaustion and cannot stand long enough to cook. (Tr. 22-23).

This Court recites these facts, not to weigh evidence, but to note that the decision below mischaracterised the findings of Dr. Singh as inconsistent with the record. The same error has been repeated in the Objections filed by the Commissioner.

It is **ORDERED** that the Plaintiff's Statement of Errors is sustained. This case is **REMANDED** to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), Sentence Four.

IT IS SO ORDERED.

_3-4-2015_
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE